**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



QIANGQING WANG,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-70017

Agency No. A088-127-130

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Qiangqing Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum and withholding of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). We grant the petition for review, and remand.

The agency found that Wang did not describe being whipped and did not give the date of his detention in his written statements. Substantial evidence does not support the agency's adverse credibility determination based on these findings because Wang did provide this information in his asylum applications. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) ("To ignore . . . relevant record evidence would be to make a credibility determination on less than the total circumstances[.]"). Substantial evidence also does not support the agency's finding based on the inconsistency in Wang's written statements regarding the length of his detention. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (inconsistencies were trivial and petitioner's testimony was "overwhelmingly consistent" with his prior statements). Further, substantial evidence does not support the agency's findings based on Wang's brother's testimony, *see id.* at 1086-89 (agency mischaracterized the testimony), or the finding based on Wang's lack of knowledge as to the Catholic Church's headquarters in Honolulu, *see id.* at 1087-88 (IJ's implausibility finding was "speculative"). Finally, substantial evidence does not support the agency's adverse credibility determination based on

the lack of corroboration. *See Lai*, 773 F.3d at 975-76 (corroboration finding did not support the adverse credibility determination and was procedurally improper).

Thus, we grant the petition for review and remand Wang's asylum and withholding of removal claims to the agency, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**